# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NATASHA HOWLETT, *on behalf of* S.F.L.M.,  ) | ) |
| Plaintiff, ) | ) |
| ) | NO. 3:23-cv-00097 |
| v. ) | ) |
| ) | JUDGE CAMPBELL |
| SOCIAL SECURITY ADMINISTRATION ) | MAGISTRATE JUDGE NEWBERN |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 17), which was filed on February 8, 2024. Through the Report and Recommendation, the Magistrate Judge recommends that Plaintiff's motion for judgment on the administrative record (Doc. No. 14) be denied and that the Social Security Administration's decision be affirmed. Plaintiff has filed an objection to the Report and Recommendation (Doc. No. 18), to which Defendant has filed a response (Doc. No. 19). For the reasons discussed below, the Report and Recommendation is adopted and approved.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting

the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

Here, Plaintiff's objection concerns the following portion of the Report and Recommendation:

> …. S.F.L.M.'s arguments misconstrue the current SSA rules and regulations governing consideration of teacher questionnaires in CSSI claims. The SSA rescinded SSR 06-3p on March 27, 2017, and that ruling has no bearing on S.F.L.M.'s claim. *See* SSR 96-2p, 2017 WL 3928298 (Mar. 27, 2017) (rescinding SSR 96-2p, 96-5p, and 06-03p effective March 27, 2017). Instead, SSR 09-2p and 20 C.F.R. § 416.924a require ALJs to consider all relevant record evidence to determine if children are disabled, including opinion evidence from nonmedical sources like teachers. *See* SSR 09-2p, 2009 WL 396032, at *3; 20 C.F.R. § 416.924a. However, unlike the requirements for considering opinion evidence from medical sources, SSA rules and regulations do not require ALJs to articulate how they consider evidence from nonmedical sources. *See* 20 C.F.R. § 416.920c(d) ("We are not required to articulate how we considered evidence from nonmedical sources . . . ."); *Ricker ex rel. A.J.R.*, 2022 WL 141604, at *3 ("All that SSR 09-2p requires of an ALJ is to consider the non-medical source evidence . . . [and] the ALJ need not articulate how he considered the factors listed in 20 C.F.R. § 416.920c(a)– (c) when evaluating evidence from non-medical sources." (citation omitted)). S.F.L.M. has not argued that the ALJ's analysis of Spann's and Hunter's questionnaires violated the applicable SSA rules and regulations.

(Report and Recommendation, Doc. No. 17 at 16-17). Specifically, Plaintiff appears to object to the Magistrate Judge's statement "unlike the requirements for considering opinion evidence from medical sources, SSA rules and regulations do not require ALJs to articulate how they consider evidence from nonmedical sources." (Doc. No. 18 at 1 (quoting Report and Recommendation, Doc. No. 17 at 17)). Plaintiff does not argue the Magistrate Judge made an incorrect statement of law; instead, Plaintiff suggests that courts in the Sixth Circuit follow guidance from 20 C.F.R. § 404.1527 concerning opinions from nonmedical sources. (*See* Doc. No. 18). However, Section

2

404.1527 expressly limits it application to claims filed *before* March 27, 2017. *See* 20 C.F.R. § 404.1527. Because Plaintiff's claim was filed in 2018, Section 404.1527 is not applicable to her claim. Accordingly, to the extent Plaintiff objects to the Magistrate Judge's failure to follow 20 C.F.R. § 404.1527, that objection is without merit.

The rest of Plaintiff's objection simply re-states the argument she previously made in her motion for judgment on the administrative record, which the Magistrate Judge already considered. (*Compare* Doc. No. 18 at 2-4 *and* Doc. No. 14-1 at 7-8). As such, Plaintiff's objection does not provide a basis to reject or modify the Report and Recommendation. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

### III. CONCLUSION

Having reviewed the Report and Recommendation and considered Plaintiff's objections, the Court concludes that Plaintiff's objections are without merit, and the Report and Recommendation (Doc. No. 18) should be adopted and approved. Accordingly, Plaintiff's motion for judgment on the administrative record (Doc. No. 14) is **DENIED**, and the decision of the Social Security Administration is **AFFIRMED**.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE